WELLS, In re. See Case No. 13,783.

## Case No. 17,389.

WELLS v. The ANN CAROLINE.

[42 Hunt, Mer. Mag. 66.]

Circuit Court, S. D. New York. Sept. 27, 1859.[1]

COLLISION — CONFLICTING EVIDENCE — REVERSAL ON APPEAL.

[A decision of the district court dismissing the libel will be reversed where it appears that, although the testimony of the crews of the respective vessels was in direct conflict upon the controlling question. there is yet the testimony of several other witnesses, who were stationed upon other vessels in a position to observe the maneuvers of the colliding vessels, and who all concur in supporting the claim made by the crew of libelant's vessel. And in such case a decree will be entered in favor of libelant.]

[Appeal from the district court of the United States for the Southern district of New York.]

In admiralty.

Benedict, Burr & Benedict, for libelant.

Mr. Donohue and Owen & Vose, for respondents.

Before NELSON, Circuit Justice.

The libel in this case was filed by the owner of the schooner John C. Wells, against the schooner Ann Caroline, to recover damages for a collision occurring in the month of February, 1854, on the eastern shore of Delaware Bay. The two vessels were beating up the bay in company with several other vessels, in a channel about a mile wide, between Crow Shoal and the Jersey shore. The wind was N. N. W.. about a five or six knot breeze; the tide flood setting up the bay. The John C. Wells was close-hauled on her larboard tack, which was her long tack from Crow Shoal to the Jersey shore; the Ann Caroline close-hauled on her starboard tack on the opposite course from the Jersey shore to Crow Shoal. The Wells was very heavily laden—the Ann Caroline in ballast. The two vessels had tacked at the Crow Shoal upon their long tack nearly at

[1] [Reversing Case No. 17,389a. Decree of circuit court modified by supreme court in 2 Wall. (69 U. S.) 538.]

the same time, the Caroline at the time being to the leeward of the Wells, and somewhat astern of her. The Ann Caroline ran out but one-half or two-thirds of her course, when she suddenly came round on her starboard tack, in consequence of a vessel ahead suddenly backing and obstructing her course. While on this course, she came in collision with the Wells, striking her on her starboard side aft, about ten or fifteen feet from her taffrail, opening her side, and from which injury she sank to the bottom of the channel in a few minutes.

The main ground upon which the defence of the Ann Caroline is placed is, that she was on the starboard or privileged tack, and that it was the duty of the Wells to give way and pass to her right. The controling question in the case is whether or not the Wells was to the windward, and so far above the course of the Caroline, before the two vessels came together, as to forbid the application of this settled rule of navigation, that when two vessels are approaching each other on opposite tacks, both having the wind free, the one on the larboard tack shall give way and pass to the right. On looking into the proofs in the case, which are very voluminous, it will be found that the testimony of the master and hands on board of the respective vessels, as usual, is contradictory—those of the Wells claiming that the course of the Caroline was to the leeward and southerly of that of their vessel, while those on the Caroline insist that her course was to windward of the Wells.

If the case stood upon the testimony of these witnesses, we should regard it as so far conflicting and doubtful as to lead us not to interfere with the decree of the court below dismissing the libel. [Case No. 17,-389a.] But there are four witnesses, masters and hands upon other vessels engaged at the same time in beating up this channel, and who were on the same tack with the Wells, but to the leeward and a little to her stern, who witnessed the collision and the course of the vessels previous to the accident, and they all concur in confirming the testimony of the master and hands of the Wells as to the course and relative position of the two vessels. The testimony of one of these witnesses has been taken in this court, and was not before the court below, which is very explicit and direct upon this question. There were several considerations urged on the argument by the counsel on both sides in support of their respective views of the case, which, as they rest principally upon a controverted state of facts, we do not deem it important to notice. We must, therefore, reverse the decree of the court below, and direct a reference to a commissioner to take proofs and report upon the libellant's damages in the case.

[NOTE. For a hearing on exceptions to the commissioner's report, see Case No. 17,389b. This

cause was subsequently carried to the supreme court, where the decree of the circuit court was modified. 2 Wall. (69 U. S.) 538.]